UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CINDY WILSON a/k/a CINDY BANKS,
individually,
      Plaintiff,
vs.                                CASE NO.: 6:19-CV-2314

JOHN ANTHONY DOLAN a/k/a JACK DOLAN,
individually,
      Defendant.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, **CINDY WILSON** a/k/a **CINDY BANKS**, (hereinafter "Plaintiff") by and through her undersigned counsel, sues Defendant, **JOHN ANTHONY DOLAN** a/k/a **JACK DOLAN**, (hereinafter "Defendant"), and alleges as follows:

### *Introduction*

1. This is an action by the Plaintiff against her former employer for unpaid overtime wages, liquidated damages and other relief arising under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq.

### *Parties, Jurisdiction and Venue*

2. The unlawful employment practices alleged were committed within Brevard County, Florida.

3. Plaintiff, **CINDY WILSON** a/k/a **CINDY BANKS**, is and has been a resident of Brevard County, Florida, at all times material herein.

4. Defendant, **JOHN ANTHONY DOLAN** a/k/a **JACK DOLAN**, upon information and belief, is a resident of Brevard County, Florida, at all times material herein.

5.     Defendant, **JOHN ANTHONY DOLAN** a/k/a **JACK DOLAN** is president of Rimkus Consulting Group, inc, a Texas corporation transacting business in Brevard County, Florida at all time material herein.

6.     At all times relevant Defendant, **JOHN ANTHONY DOLAN** a/k/a **JACK DOLAN**, as president of Rimkus Consulting Group, Inc and its affiliates, operates a civil engineering and construction business having a principal place business located at 927 E New Haven Ave, Suite 315, Melbourne, FL 32901.

7.     **JOHN ANTHONY DOLAN** a/k/a **JACK DOLAN** is Plaintiff's direct supervisor and responsible for setting the unlawful payment of Plaintiff's wages.

8.     This action arises under FLSA, 29 U.S.C. § 207(a)(1). The Court has jurisdiction over the FLSA claims pursuant to 29 U.S.C. §216(b) and 28 U.S.C. § 1331.

*General Allegations*

9.     Plaintiff was an employee of Defendant within the meaning of FLSA, 29 U.S.C. § 203(e).

10.    Defendant is an employer as defined by FLSA, 29 U.S.C. § 203(d).

11.    At all times material hereto Plaintiff was engaged in commerce or in the production of goods for commerce per 29 U.S.C. § 207(a).

12.    At all times material hereto Defendant acting as president of Rimkus Consulting Group, Inc and its affiliates were engaged in interstate commerce per 29 U.S.C. §203(s).

13.    At all times material hereto, the civil engineering and construction business operated by Defendant had an annual gross dollar volume of sales made or business done of not less than five hundred thousand dollars ($500,000) per 29 U.S.C. § 203(s).

14.    At all times relevant to this action Defendant regularly exercised the authority to: (a) hire and fire employees of Rimkus Consulting Group, Inc and its affiliates; (b) determine the work

schedules for the employees of and (c) control the finances and operations of Rimkus Consulting Group, Inc and its affiliates. By virtue of having regularly exercised that authority on behalf of Rimkus Consulting Group, Inc and its affiliates, Defendant was an employer of the Plaintiff as defined by 29 U.S.C. §201, et seq.

15. Plaintiff does not possess the complete records relating to her work hours and compensation; Defendant in possession of such records, and responsible for their storage and safekeeping.

16. All conditions precedent to the institution and maintenance of this cause of action have been met or waived.

17. Plaintiff has retained the law firm of Arcadier, Biggie & Wood, PLLC., to represent her interest in this matter and Plaintiff has agreed to pay said firm a reasonable attorney's fee for its services.

## COUNT I:
## VIOLATION OF THE OVERTIME PROVISIONS OF
## THE FAIR LABOR STANDARDS ACT UNDER FEDERAL LAW

18. Plaintiff re-alleges and incorporates paragraphs 1 through 17 of this Complaint as set forth in full herein.

19. The action is brought pursuant to the employment relationship of the parties in regards to unpaid overtime wages.

20. Pursuant to 29 U.S.C. §207(a)(1), Defendant was required to pay Plaintiff overtime compensation at one and one-half times their regular rate of compensation for any hours worked in excess of forty (40) hours per week.

21. Defendant failed to compensate Plaintiff at a rate not less than one and one half time their regularly hourly rate for those hours worked in excess of forty (40) in a workweek.

22. In or about June 2019, Plaintiff began working for Defendant.

23. Plaintiff works as a laborer for the Defendant.

24. Plaintiff works as an employee earning $3,333.00 per month as salary.

25. Defendant is not exempt from the overtime wage provision of the FLSA. Failing to Pay Plaintiff at a rate not less than one and one half time their regularly hourly rate for those hours worked in excess of forty (40) in a workweek is a violation of the Fair Labor Standards Act.

26. Defendant's actions were intentional, reckless or malicious.

27. Defendant's actions were willful and not in good faith.

28. Defendant did not have a good faith basis for his decision not to pay Plaintiff her unpaid overtime wages.

29. As a direct, foreseeable, and proximate cause of Defendant's actions Plaintiff has been damaged.

30. Specifically Defendant is liable to the Plaintiff for unpaid overtime wages, liquidated damages, and attorney fees and costs in conjunction with this action.

**WHEREFORE**, Plaintiff pray for judgment against Defendant for all damages to which she may be entitled, including, but not limited to:

    A. Unpaid overtime wages found to be due and owing;

    B. An additional and equal amount of liquidated damages;

    C. An award of reasonable attorney's fees and all costs incurred herein; and

    D. All other damages to which Plaintiffs may be entitled

### COUNT II:
### VIOLATION OF THE RETALIATION PROVISIONS OF
### THE FAIR LABOR STANDARDS ACT UNDER FEDERAL LAW

31. Plaintiff re-alleges and incorporates herein the allegations contained in paragraphs 1 through 17.

32. This action arises under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, et. seq.

33. At all times material hereto, Plaintiff, CINDY WILSON was the employee of Defendant.

34. At all times material hereto, Defendant was the president and/or manager of the Rimkus Consulting Group, Inc and its affiliates.

35. At all times material hereto, Defendant managed and operated the business the aforementioned civil engineering and construction business in Brevard County, Florida and ultimately responsible for violating the FLSA provisions.

36. On or about November 21, 2019, Plaintiff, by and through her undersigned attorney, sent a demand letter to her employer, Rimkus Building Consultants asserting Plaintiff's FLSA rights to recoup unpaid overtime wages.

37. On or about December 9, 2019 just days after Plaintiff asserted her FLSA rights, as described in paragraph 36 above, Plaintiff was terminated by Defendant in Melbourne, Florida. The motivating reason for terminating Plaintiff's employment was because of her assertion of her FLSA rights.

38. Pursuant to 29 U.S.C. §215(a)(3), an employer is not allowed to discriminate against any employee, because such employee has filed a Fair Labor Standards Act unpaid wage claim. Defendant's conduct is considered an adverse employment action pursuant to the FLSA.

39. Plaintiff has suffered and continues to suffer grave and severe mental anguish and emotional distress, severe damage to her financial welfare, and her employment prospects, severe damage to her reputation in the community in which she lives and works, and among her peers by reason of Defendant's violation of Plaintiff's rights.

**WHEREFORE**, Plaintiff prays for judgment against Defendant, for all damages to which she may be entitled, including, but not limited to:

A.  An award of reasonable attorney's fees and all costs incurred herein;

B.  Prejudgment and post judgment interests;

C.  Compensatory damages including mental anguish;

D.  All other damages to which Plaintiff may be entitled; and

E.  Liquidated damages.

## DEMAND FOR JURY TRIAL

Plaintiff demands a jury trial on all issues herein triable by jury.

DATED this 9th day of December, 2019.

**ARCADIER, BIGGIE & WOOD, PLLC.**

*/s/ Ethan B. Babb, Esquire*
Maurice Arcadier, Esquire
Florida Bar No.: 0131180
Joseph C. Wood, Esquire
Florida Bar No.: 0093839
Stephen Biggie, Esquire
Florida Bar No.: 0084035
Ethan B. Babb, Esquire
Florida Bar No.: 127488
Attorneys for Plaintiff
2815 W. New Haven, Suite 304
Melbourne, Florida 32904
Primary Email: office@abwlegal.com
Secondary Email: arcadier@abwlegal.com
Phone: (321) 953-5998
Fax: (321) 953-6075