UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CINDY WILSON,

    *Plaintiff*,

Case No.: 6:19-cv-2314-ORL-41EJK

v.

JOHN ANTHONY DOLAN,

    *Defendant*.

_____/

**DEFENDANT'S REPLY IN SUPPORT OF MOTION TO COMPEL ARBITRATION AND MEMORANDUM OF LAW IN SUPPORT THEREOF**

Defendant, JOHN ANTHONY DOLAN ("Defendant" or "Dolan"), files this Reply in Support of Motion to Compel Arbitration (Dkt. No. 11), and states as follows:

**I.   INTRODUCTION**

Plaintiff does not dispute signing the Mutual and Binding Arbitration Agreement (the "Arbitration Agreement") in consideration of her employment. Rather, Plaintiff argues Dolan cannot enforce the Arbitration Agreement because, Plaintiff alleges, Dolan is not a party to it and lacks contractual privity. Plaintiff argues the Arbitration Agreement is between Plaintiff and "Rimkus Consulting Group, Inc.," which, because neither it nor Rimkus Building Consultants, L.L.C. is a party to this action, renders the obligation to arbitrate unenforceable as to Dolan.

Plaintiff's arguments are meritless. Plaintiff ignores ***express provisions*** in the Arbitration Agreement that mandate the arbitration of Plaintiff's employment claims under the FLSA, including those against Rimkus's employees, agents, and officers such as Dolan.  Def.'s Motion at 3-4 & Ex. A-2, § 5. Additionally, under both Florida and Texas law, Dolan is an intended third-party beneficiary of the Agreement and may enforce its terms against Plaintiff in this case. Accordingly, Defendant requests this Court compel arbitration in accordance with the terms of the

4833-9158-4435.1 106089.1000

binding Arbitration Agreement.

II.     **ARGUMENT**

Plaintiff bears the burden of proving her claims are not subject to arbitration. *See Gilmer v. Interstate/Johnson Lane, Corp.*, 500 U.S. 20, 26 (1991). The presumption in favor of arbitrability demands that any doubt about whether a dispute is subject to arbitration should be resolved in favor of arbitration. *See Shearson/Am. Express, Inc. v. McMahon*, 482 U.S. 220, 226 (1987). Plaintiff has not met her burden.

   A.     **Dolan Is Explicitly Covered by the Arbitration Agreement and May Enforce Its Terms.**

Plaintiff concedes she signed the Agreement in consideration of her employment. She attempts to avoid arbitration, however, by arguing Dolan cannot enforce the Arbitration Agreement because it does not specifically mention Dolan by name. This Court should reject this flawed argument. Plaintiff completely ignores unambiguous language throughout the Arbitration Agreement providing Plaintiff's FLSA claims are subject to arbitration. Specifically, the Arbitration Agreement provides for coverage of "all claims" "connected with . . . [Plaintiff's] employment with Rimkus" and between Plaintiff and "any [] employees, agents, officers, or directors" of Rimkus. Plaintiff does not dispute Dolan is an "employee[], agent[], officer,[] or director[]" of RBC. Indeed, that appears the sole basis of her lawsuit against Dolan. Pl.'s Compl at ¶¶ 5, 14. Because the Agreement explicitly covers any claims against Dolan regarding Plaintiff's employment, Plaintiff should be compelled to arbitrate this case. *See Easter v. Prof'l Performance Development Grp., Inc.*, 5:16-CV-222-DAE, 2016 WL 4033269, at *4 (W.D. Tex. Jul. 27, 2016) (granting company president's motion to compel arbitration where corporate arbitration agreement covered acts involving company "employees").

Plaintiff's reliance on the definition of "Rimkus Consulting Group, Inc." in Footnote 1 of

the Arbitration Agreement for the argument Dolan cannot enforce the contractual requirement that Plaintiff's claims be submitted to arbitration interprets the agreement too narrowly. When the Arbitration Agreement is read as a whole, it is clear Footnote 1 is intended to provide that "Rimkus Consulting Group, Inc." and "Rimkus" include all affiliated Rimkus corporate entities. The later provision that defines "Arbitrable Claims" as including claims arising out of, relating to, or connected with employment between the employee and Rimkus "*and/or any of its employees, agents, officers, or directors*" is the language that unmistakably imposes on Plaintiff the duty to submit her FLSA claims against Dolan to arbitration.

   **B.**  **In the Alternative, Dolan Can Enforce the Arbitration Agreement As a Third-Party Beneficiary Under Either Texas or Florida Law.**

Even if Dolan were not specifically referenced in the Agreement as an "employee[], agent[], officer,[] or director[]" of Rimkus Consulting Group, Inc., or an "additional Rimkus . . . subsidiar[y]," he would still be entitled to enforce the Arbitration Agreement as he is a third-party beneficiary, regardless of the application of Florida or Texas law.[1]

"Under the Federal Arbitration Act, traditional principles of state law may allow an arbitration contract to be enforced by or against nonparties to the contract through a number of state-contract-law theories." *Al Rushaid v. Nat'l Oilwell Varco, Inc.*, 814 F.3d 300, 305 (5th Cir. 2014). Regardless of whether Texas or Florida law applies, Dolan is still entitled to enforce the Arbitration Agreement because the law of both jurisdictions is synonymous in evaluating the

---

[1] Plaintiff argues, "the Employment Agreement accompanying the Arbitration Agreement provides that the law of the state of Texas would be controlling." Pl.'s Resp. at 3 (citing Doc. 11, Ex. A-1 § 16). However, that provision applies only to paragraphs 8, 9, and 10 of the Employment Agreement. Those paragraphs cover only covenants not to compete, trade secret issues and other post-termination activities by employees. (*See* Doc. 11, Ex. A-1, §§ 8, 9, 10, 16). Florida law controls this case because (1) the Employment Agreement does not specifically provide Texas law controls the interpretation of the separate Arbitration Agreement; and (2) Florida is the location where Plaintiff is employed and agreed to arbitration and where this case is pending. *See Rimel v. Uber Tech., Inc.*, 246 F. Supp. 3d 1317, 1324 (M.D. Fla. 2017) (holding Florida, as opposed to California law, applied to arbitration provision, which was "a separate and distinct contract, isolated from other terms in the Services Agreement[.]"). Nevertheless, both Texas and Florida state law support Defendant's right to compel arbitration.

3

enforceability of arbitration agreements. "In Texas, 'a person who is not a party to the [arbitration] agreement can compel arbitration with one who is, and vice versa.'" *Allen v. W&T Offshore, Inc.*, No. 3:18-CV-00305, 2019 WL 7040441, at *2 (S.D. Tex. Nov. 19, 2019) (quoting *Meyer v. WMCO-GP, LLC*, 211 S.W.3d 302, 305 (Tex. 2006)). The Texas Supreme Court has recognized six theories allowing non-signatories to enforce arbitration agreements: (1) incorporation by reference; (2) assumption; (3) agency; (4) alter ego; (5) equitable estoppel;[2] and (6) third-party beneficiary. *See Jody James Farms, JV v. Altman Grp., Inc.*, 547 S.W.3d 624, 633 (Tex. 2018).

It is well-established a third party may enforce a contract "when the parties to the contract entered the agreement with the clear and express intention of directly benefitting the third party." *Tawes v. Barnes*, 340 S.W.3d 419, 425 (Tex. 2011); *see also Stine v. Stewart*, 80 S.W.3d 586, 589 (Tex. 2002). "[S]ignatories to an arbitration agreement may identify other parties in their agreement who may enforce arbitration as though they signed the agreement themselves." *In re Rubiola*, 334 S.W.3d 220, 226 (Tex. 2011).

In determining whether the parties to a contract intended to benefit a third party, courts look to the entire agreement, giving effect to all provisions. *See City of Hous. v. Williams*, 353 S.W.3d 128, 145 (Tex. 2011). "Although a third party must be more than an incidental beneficiary, a beneficiary is not required to show that the parties executed the contract solely for its benefit." *In re Citgo Petroleum Corp.*, 248 S.W.3d 769, 776 (Tex. App.-Beaumont 2008, pet. denied). A third-party beneficiary may be identified by a class or category of persons in the arbitration agreement, all of whom may not be known to the parties at the time of execution. *See ConocoPhillips Co. v. Graham*, No. 01-11-00503-CV, 2012 WL 1059084, at *6 (Tex. App.-Houston [1st Dist.] Mar. 29, 2012, no pet.). Texas courts have found officers and directors of a

---

[2] Dolan is also entitled to enforce the Arbitration Agreement under the principles of equitable estoppel. *See, e.g., Westbrook v. JAG Indus. Servs., Inc.*, No. 3:14-CV-2080-M, 2015 WL 93447, at *3 (N.D. Tex. Jan. 7, 2015).

company are entitled to enforce arbitration agreements as third-party beneficiaries. *See Easter*, 2016 WL 4033269, at *4; *In re Enron Corp. Sec., Derivative & ERISA Litig.*, 391 F. Supp. 2d 541, 561 (S.D. Tex. 2005) (holding non-signatory former officers and directors of the insured corporate entity were intended third-party beneficiaries of directors and officers insurance policies, and could enforce arbitration clauses found in same; defining argument to the contrary as "meritless").

Similarly, Florida courts have "used a third-party beneficiary theory to include non-signatories in the ambit of an arbitration provision." *Amat v. Rey Pizza Corp.*, 204 F. Supp. 3d 1359, 1365 (S.D. Fla. 2016); *see also Raffa Assocs. v. Boca Raton Resort & Club*, 616 So. 2d 1096, 1097 (Fla. 4th DCA 1993) (finding "ordinarily a third-party beneficiary of a contract is bound by an arbitration clause in that contract"). Florida courts have also specifically held the third-party beneficiary theory applies to employees, officers, and directors of a company who entered into an arbitration agreement. *See, e.g., Henderson v. Idowu*, 828 So. 2d 451, 452-53 (Fla. 4th DCA 2002) (holding supervisor defendant who did not sign arbitration agreement could compel arbitration as a third-party beneficiary). Under Florida or Texas law, Defendant is entitled to compel arbitration as a third-party beneficiary because Plaintiff and Dolan intended the Arbitration Agreement to benefit Dolan as a non-signatory corporate officer based on the express language found therein.[3]

### III.  CONCLUSION

As explained herein and in Defendant's Motion to Compel, Defendant respectfully requests this Court grant its Motion in its entirety, compel arbitration on Plaintiff's claims, dismiss (or in the alternative, stay) the case, and grant any additional appropriate relief.

---

[3] Employees, directors, officers, and parent companies and subsidiaries are permitted to enforce a related signatory's arbitration agreement for good reason; were it otherwise, plaintiffs could avoid arbitration simply by refusing to name the signatory as a defendant, as it appears Plaintiff is attempting to do in this very case. *See Arnold v. Arnold Corp.-Printed Commc'ns For Bus.*, 920 F.2d 1269, 1281 (6th Cir. 1990) (if a party could "avoid the practical consequences of an agreement to arbitrate by naming nonsignatory parties as [defendants] in his complaint, or signatory parties in their individual capacities only, the effect of the rule requiring arbitration would, in effect, be nullified").

Dated: January 29, 2020

Respectfully submitted,

LITTLER MENDELSON, P.C.
111 North Orange Avenue, Suite 1750
Orlando, Florida 32801
Telephone: (407) 393-2900
Facsimile: (407) 393-2929

By: __*Kimberly J. Doud*_____
  Kimberly J. Doud, Esquire
  Florida Bar No.: 0523771
  Email: kdoud@littler.com
  Attorney for Defendant

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 29th day of January, 2020, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send a copy via email to: Ethan B. Babb, Esquire, Maurice Arcadier, Esquire, Joseph C. Wood, Esquire, Stephen Biggie, Esquire, Arcadier, Biggie & Wood, PLLC, 2815 West New Haven, Suite 304, Melbourne, FL 32904, email: office@abwlegal.com, arcardier@abwlegal.com.

  _*Kimberly J. Doud*_____
  Kimberly J. Doud, Esquire